UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LUIS MUNUZURI HARRIS,
    Plaintiff,

vs.                                                       Case No.: 3:23cv10297/LAC/ZCB

KENA FORRESTER-TROUPE, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    This is a *pro se* prisoner civil rights case. Plaintiff has sought "emergency" injunctive relief in his complaint. (*See* Doc. 1 at 12). The Court construes Plaintiff's request for "emergency" injunctive relief as a motion for a preliminary injunction. Plaintiff should not receive a preliminary injunction for the reasons below.

                                            **I.    Background**

    Plaintiff's complaint alleges that Defendants—medical staff and the Walton Correctional Institution (WCI) warden—were deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment and retaliated against him in violation of the First Amendment. (*Id.* at 12). Plaintiff's allegations revolve around Defendants prescribing him Coumadin and Warfarin medication, rather than Eliquis medication, for approximately one month after he arrived at WCI. (*See id.* at 8). At the conclusion of this period, Plaintiff was hospitalized for three-days, and upon returning to WCI, Plaintiff began receiving Eliquis medication. (*Id.* at 9). Plaintiff

1

also alleges Defendant warden repeatedly threatened to place Plaintiff in segregated confinement if Plaintiff continued filing grievances regarding the medication issue. (*Id.* at 17). Plaintiff is currently housed at the Reception Medical Center (RMC). (*Id.*). As relief, Plaintiff's complaint seeks an "emergency" injunction compelling Defendants to continue administering Plaintiff Eliquis and an emergency temporary restraining order "prohibiting Defendants from placing Plaintiff in segregated confinement and returning him to W[CI]." (*Id.*).

## II.  Discussion

Injunctive relief "is a prospective remedy, intended to prevent future injuries." *Adler v. Duval Cnty, Sch, Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). "Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if [he] alleges, and ultimately proves, a real and immediate—as opposed to merely a conjectural or hypothetical—threat of future injury." *Williams v. Bd. of Reg. of the Univ. Sys. of Ga.*, 477 F.3d 1282, 1302-1303 (11th Cir. 2007); *see also Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (recognizing a plaintiff must show "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury").

Here, an injunction is improper because Plaintiff lacks standing to seek injunctive relief. He also fails to establish a real and immediate threat of future injury.

Plaintiff alleges he was injured by Defendants' past "refusal" to issue Plaintiff a specific medication. Yet, Plaintiff is now receiving the desired medication and has been for several months. He has neither alleged that Defendants have continued to engage in such conduct against him nor alleged that they are likely to do so in the future. *See Knop v. Gordy*, No. 5:16cv1356, 2017 WL 5078056, at *10 (N.D. Ala. July 20, 2017) (finding the prisoner-plaintiff lacked standing to seek a preliminary injunction because he had failed to present "specific facts which demonstrate[d] he face[d] real, immediate, and irreparable injury"). Further, Plaintiff's allegations involve actions by personnel at WCI. But he is now incarcerated at RMC, and there is no allegation that he will soon be transferred back to WCI. Although it is possible that Plaintiff may once again be incarcerated at a facility where one of Defendants works, "such speculation is insufficient to establish the existence of a present, live controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). Thus, Plaintiff's request for an "emergency" injunction, which has been construed as a motion for a preliminary injunction, should be denied.

Additionally, Plaintiff sues four medical Defendants in this action. With respect to an injunction preventing Defendants "from placing Plaintiff in segregated confinement and returning him to W[CI]," Plaintiff does not allege that any medical Defendant possesses the authority to control Plaintiff's custody level and where Plaintiff is housed. *See generally Swan v. Bd. of Educ. of City of Chicago*, 956 F.

3

Supp. 2d 913, 918 (N.D. Ill. 2013) (recognizing that "where . . . a plaintiff seeks an injunction against a defendant, he or she must demonstrate that the defendant to be enjoined has the authority to effectuate the injunction."). Nor is there any reason for the Court to believe that a nurse, doctor, and health services administrator, such as the medical Defendants, have the authority to dictate where Plaintiff is housed or his custody level. And "a claim for injunctive relief can stand only against someone who has the authority to grant it." *See Williams v. Doyle*, 494 F. Supp. 2d 1019, 1024 (W.D. Wis. 2007). Thus, Plaintiff's request for a preliminary injunction preventing the medical Defendants from placing Plaintiff in segregated confinement should also be denied because Plaintiff has not shown the medical Defendants have the authority to effectuate such relief. *See id.*

Even if Plaintiff had standing to seek a preliminary injunction, his request would fail on the merits. To receive a preliminary injunction, a movant must show that: (1) there is a substantial likelihood of success on the merits; (2) an irreparable injury will be suffered if the injunction is not granted; (3) the threatened injury to the movant outweighs any injury the proposed injunction might cause the opposing party; and (4) the injunction would not disserve the public interest. *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020).

At this early stage of the litigation, Plaintiff has yet to identify any objective evidence establishing that the actions about which he complains of in his complaint

violated his constitutional rights. *See Skinner v. Sproul*, No. 1:14cv174, 2015 WL 196191, at *10 (M.D. Ga. Jan. 14, 2015) (denying the plaintiff's motion for preliminary injunction because the case was at the screening stage and the plaintiff had failed to "identify any objective evidence that the actions about which he complains violated his constitutional rights"). And, as discussed above, Plaintiff has failed to show a substantial likelihood of irreparable injury if the injunction is not granted because his threats of future injury are too speculative—Plaintiff's complaint affirms that he is currently receiving his requested medication and he is housed at a facility separate from Defendants.

Plaintiff also fails to satisfy the third and fourth prerequisites to a preliminary injunction. The third requirement, balancing potential harm to the parties, weighs more heavily in favor of Defendants as the issuance of an injunction prohibiting Plaintiff from returning to WCI would have an unduly adverse effect on the ability of prison personnel to exercise their professional judgment in determining an inmate's institutional assignment and custody level. *See Miceli v. McDonough*, No. 4:07cv480, 2008 WL 783578, at *3 (N.D. Fla. Mar. 19, 2008) (holding that prisoners have "no right to remain at a particular prison or to prevent [a] transfer to a specific prison" nor to "a particular custody level," because "[t]hose are issues relegated to the discretion of prison officials"). This factor also weighs more heavily in favor of Defendant medical staff when considering Plaintiff's request for an injunction to

5

continue receiving a particular medication because "determining which medication to prescribe is generally a matter of medical judgment." *See Monteleone v. Corizon*, 686 F. App'x 655, 659 (11th Cir. 2017); *see, e.g., Scott v. Perry*, No. 1:18-cv-10, 2021 WL 1134900, at *10 (N.D. Fla. Mar. 5, 2021) (holding that a doctor's decision "not to prescribe a different medication . . . was well within his discretion as a medical professional"). The fourth factor, whether the injunction would serve the public interest, "is, at best, a neutral factor at this juncture." *See Turner v. Ratcliffe*, No. 2:19cv852, 2019 WL 7372758, at *1 (M.D. Ala. Dec. 11, 2019).

### III. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that Plaintiff's requests for "emergency" injunctive relief, construed as a motion for a preliminary injunction, (Doc. 1 at 12) be **DENIED**.

At Pensacola, Florida this 18th day of July 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and**

**recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**