UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LUIS MUNUZURI HARRIS,
    Plaintiff,

vs.                                                      Case No.: 3:23cv10297/LAC/ZCB

KENA FORRESTER-TROUPE,
et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. (Doc. 1). Plaintiff's Amended Complaint is the operative complaint. (*See* Doc. 12). Plaintiff's complaint names as Defendants a Florida Department of Corrections (FDOC) Warden, medical providers who treat FDOC inmates, and Centurion, the medical provider who provides inmate medical care. Currently before the Court are the motions to dismiss filed by Defendant Centurion of Florida, Defendant medical providers[1] (Docs. 42-46), and Defendant FDOC Warden Knight

---

[1] Because Centurion of Florida is a private company that has a contract with the state to provide medical services to inmates, it is subject to suit

1

(Doc. 51).[2] Plaintiff has responded in opposition to the motions. (Docs. 57, 58). As explained below, the motions to dismiss should be granted for Plaintiff's malicious abuse of the judicial process.

## I. Discussion

Defendants have moved to dismiss because, *inter alia*, Plaintiff maliciously abused the judicial process by failing to disclose his complete litigation history. For the reasons below, the Court agrees.

The prisoner civil rights complaint form requires a prisoner to list his prior litigation history. The form must be signed under penalty of perjury. The Eleventh Circuit has made clear that a prisoner's case may be dismissed without prejudice for misrepresenting litigation history on the complaint form. *See, e.g.*, *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) (affirming dismissal of prisoner's complaint where prisoner failed to identify two prior federal lawsuits);[3] *see* 28 U.S.C. §

---

under § 1983. *Denham v. Corizon Health, Inc.*, 675 F. App'x 935, 940 (11th Cir. 2017).
[2] Defendant Knight amended his motion to dismiss (Doc. 49) on January 15, 2024. (Doc. 51). The Court thus treats Defendant's amended motion (Doc. 51) as the operative motion.
[3] A raft of Eleventh Circuit cases say the same thing. *See, e.g.*, *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th

1915(e)(2)(B) (requiring the court to dismiss an action if it determines that the action is frivolous or malicious when a litigant is proceeding *in forma pauperis*). Dismissal is appropriate, even if the prisoner claims that a misunderstanding caused his failure to disclose litigation history. *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that the prisoner's failure was not excused by his claimed misunderstanding of the form).

The prior litigation portion of the complaint form serves important purposes. First, it permits efficient consideration of whether the prisoner

---

Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915"); *Rickerson v. Sec'y, Fla. Dep't of Corr.*, No. 21-12110-F, 2021 WL 6098415, at *1 (11th Cir. Nov. 2, 2021) (concluding dismissal of prisoner's complaint as malicious was warranted where plaintiff disclosed six state actions and two federal actions but failed to disclose additional state actions that related to his incarceration or conditions of confinement); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (affirming dismissal of prisoner's complaint as malicious for abuse of judicial process where prisoner failed to disclose previously filed cases); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same); *Shelton v. Rohrs*, 406 F. App'x 340, 340-41 (11th Cir. 2010) (same); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

3

is entitled to pursue the current action under the Prison Litigation Reform Act's "three strikes" provision. Second, it allows the Court to determine whether an action is related to, or otherwise should be considered in conjunction with, another lawsuit. Third, it enables the Court to determine whether any issues raised in the current action have been previously decided by another judge. These purposes are thwarted, and the efficiency of the judicial system diminished, when a prisoner misstates his litigation history on the complaint form.

Here, Section VIII of the complaint form required Plaintiff to disclose information regarding prior civil cases he had filed in state and federal court. (Doc. 12 at 18-21). Question C of Section VIII asked Plaintiff if he had "filed any other lawsuit[s], habeas corpus petition[s], or appeal[s], in ***state or federal court*** either challenging [his] conviction or relating to the conditions of [his] confinement." (*Id.* at 20) (emphasis in original). Plaintiff checked the box for "YES" and disclosed six cases. (*Id.* at 20-21). Plaintiff did not attach any additional pages containing litigation history. At the end of the complaint form, Plaintiff signed his name after the following certification: "I declare under penalty of perjury

4

that the foregoing . . . is true and correct." (*Id.* at 22-23). Plaintiff, therefore, certified that at the time he filed this complaint on August 16, 2023, he had not filed any other lawsuit in federal court relating to the conditions of his confinement.[4]

Defendants move to dismiss Plaintiff's complaint as malicious and an abuse of the judicial process for his failure to disclose his litigation history. In their motions, Defendants cite a slew of cases not disclosed on Plaintiff's complaint form. Here are the undisclosed cases:

- Three appeals to the Eleventh Circuit:

    - 14-15520-D (alleging excessive force and deliberate indifference claims)
    - 16-14087-E (alleging excessive force and retaliation claims)
    - 21-12680 (§ 2254 habeas)

- Three cases filed in the U.S. District Court for the Middle District of Florida:

    - 8:2015-cv-00710 (§ 2254 habeas)
    - 8:2015-cv-02088 (§ 2254 habeas)
    - 6:12-cv-00975 (§ 2254 habeas)

---

[4] The "filed" date is the date Plaintiff certified that he delivered the complaint to jail officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (determining that a *pro se* prisoner's document is deemed filed on the date the prisoner delivered it to prison authorities for forwarding to the court).

5

- Three cases in Florida's Second District Court of Appeal:

    o 2D15-2559 (affirming conviction)
    o 2D22-1355 (reversing an order denying plaintiff's motion for suppression of evidence and remanding it for an evidentiary hearing)
    o 2D12-3314 (denying petition alleging ineffective assistance of counsel)

- Eleven cases in the Supreme Court of Florida:

    o SC22-994 (denying writ of mandamus)
    o SC22-525 (habeas)
    o SC16-2113 (habeas)
    o SC16-1827 (denying writ of mandamus)
    o SC14-1964 (habeas)
    o SC22-561 (habeas)
    o SC15-700 (denying writ of mandamus)
    o SC11-1551 (denying writ of mandamus)
    o SC2023-1764 (appealing denial of writ of prohibition)
    o SC12-2603 (denying writ of mandamus)
    o SC12-2605 (denying writ of mandamus)
    o SC12-1341 (denying discretionary review for denial of petition for postconviction relief)

In response, Plaintiff claims that he thought only the six cases he listed were "relevant;" Plaintiff emphasizes that he has not yet been designated as a "three-striker."[5] (Doc. 57 at 11-12). Plaintiff further

---

[5] Under the three strikes provision, a prisoner cannot proceed IFP in a civil action if he has "on 3 or more prior occasions, while incarcerated . . ., brought an action or appeal in a court of the United States that was

6

contends that the omitted cases were merely "routine" criminal matters related to his state conviction and sentence. (*Id.* at 12). Plaintiff asserts that "[a]ny omissions were genuinely inadvertent, not malicious, and arose only from ignorance of procedure and not in bad faith." (*Id.*).

Upon researching Plaintiff's litigation history, it appears Plaintiff has failed to accurately disclose his litigation history on the complaint form. According to the Public Access to Court Electronic Records (PACER) and Florida court record systems, Plaintiff commenced each of the above cases prior to filing his complaint in this case. And these lawsuits were either habeas petitions or lawsuits that related to the conditions of Plaintiff's confinement or his conviction. As such, Plaintiff was required to identify them on the complaint form in this case. Yet, Plaintiff identified none of them.

Importantly, Plaintiff's *pro se* status does not excuse him from following the rules, including the requirement that litigants be truthful with the Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686,

---

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim." 28 U.S.C. § 1915(g). Being designated as a "three-striker" has no bearing on whether Plaintiff accurately disclosed his litigation history.

7

2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (stating that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant"). The Court is concerned that if misrepresentations on the complaint form are not met with consequences, then word will spread throughout the prisons that the complaint forms need not be truthfully completed. *See Rodriguez v. Inch*, No. 4:19cv191/RH/HTC (Doc. 52 at 1-2) (N.D. Fla. June 7, 2020) ("If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose.").

In short, as detailed above, Plaintiff misrepresented—under penalty of perjury—his prior litigation history on the complaint form. He did so, despite having been advised on the complaint form that "***failure to disclose all prior . . . cases . . . may result in the dismissal of this case.***" (*See* Doc. 12 at 18). Consistent with that warning and the

Eleventh Circuit precedent previously cited, it is recommended that Plaintiff's complaint be dismissed without prejudice.[6]

### III. Conclusion

For the reasons set forth above, the undersigned **RECOMMENDS** that:

1. The Motions to Dismiss filed by Defendants (Docs. 42-46, 51) be **GRANTED** and this matter **DISMISSED** without prejudice as malicious and abuse of the judicial process for Plaintiff's failure to disclose his litigation history under 28 U.S.C. § 1915A(b)(1).

2. All pending motions be **DENIED as moot**.

3. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 20th day of June 2024.

---

[6] Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuits would be an inadequate sanction for his conduct. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (holding that district court did not abuse its discretion by not providing a prisoner with an opportunity to amend his complaint to disclose lawsuits that should have been disclosed initially).

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of this Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.